■ In the Matter of RICHARD PANELLA, Appellant, v JOHN DOLCE, as Commissioner of the City of White Plains Department of Public Safety, et al., Respondents. [610 NYS2d 860] — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the City of White Plains Department of Public Safety, dated September 26, 1991, which, after a hearing, suspended the petitioner from his duties as a police officer, without pay for a period of two months.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

There is substantial evidence in the record to support the determination of the respondent Commissioner that the petitioner was guilty of misconduct as charged (see Matter of Berenhaus v Ward, 70 NY2d 436; see also, People ex rel. Vega v Smith, 66 NY2d 130).

With respect to the pre-hearing suspension without pay

imposed upon the petitioner pending the hearing in this matter, the Court of Appeals has held that a respondent's failure to remit a 30-day pre-hearing suspension may be considered a penalty or punishment within Civil Service Law § 76 (1), of which review may be sought (see, *Matter of Sinnott v Finnerty*, 65 NY2d 780). Since the respondent Commissioner, here, failed to remit the 30-day pre-hearing suspension when he gave notice of his final determination to impose a two-month post-hearing suspension penalty, as permitted by Civil Service Law § 75 (3), we hold that review of both the pre-hearing and post-hearing suspensions is permissible. Nevertheless, having been found guilty of the charge that the petitioner urged a fellow officer to make a false statement on his behalf, the suspensions are neither excessive nor so disproportionate to the offense as to be shocking to one's sense of fairness (see, *Matter of Pell v Board of Educ.*, 34 NY2d 222, 237). Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.